## WOLFFGRAM v. MARSH.

### In re ERIE-BUFFALO TUBE CO.

(Circuit Court of Appeals, Third Circuit   May 12, 1922.)

Nos. 2873, 2887.

**Bankruptcy ☞264—Confirmation of sale to first mortgage creditor held proper, in absence of probability of better bid.**

Where property of the bankrupt was sold to the creditor holding the first mortgage lien, who was required to credit its indebtedness with the full value of the property, in making proof of its claim and participating in other assets, the sale was properly confirmed, where the objecting creditors made no showing that a better bid could be obtained on resale.

Petition to Revise from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
280 F.—55

In the matter of the Erie-Buffalo Tube Company, bankrupt. On separate petitions by Ludwig Wolffgram against Ritchie T. Marsh, as trustee in bankruptcy, to revise an order of the District Court refusing to set aside a sale of property of the·bankrupt. Orders affirmed.

Lowrie C. Barton, of Pittsburgh, Pa., for petitioner.

Gunnison, Fish, Gifford & Chapin and Orson J. Graham, all of Erie, Pa., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. The error alleged in this case is the refusal of the court below to set aside a sale of bankrupt property which was approved by the referee. We find no error in the court's action. The purchaser was a first mortgage creditor and the court below, in its confirming opinion, directed such lien creditor must, in proving its claim and participating in other assets, credit its indebtedness with the full value of the property bought. In view, therefore, of the fact that on a resale the property would have to be bid to a price in excess of the liens before the general creditors would be benefited, and considering the fact that the objector to this sale has given neither the referee, the court below, nor this court any assurance of the property being bid in excess of such liens, however interpreted, we see no benefit and very probable injury would accrue by setting aside this sale.

Accordingly we are of opinion the action of the court should be affirmed, and to avoid further delay the mandate of this court be issued forthwith.